JANE E. MERRILL, RESPONDENT, *v.* THE AGRICULTURAL INSURANCE COMPANY, APPELLANT.

*Policy of insurance on real and personal property — condition as to incumbrances — policy avoided only as to the portion encumbered.*

Defendant issued a policy of insurance to plaintiff, which insured separately and in separate sums a house and barn and certain personal property belonging to her. The policy contained a condition avoiding it in case the property became incumbered by mortgage or judgment, without the written consent of the company. After the issuing of the policy plaintiff executed two mortgages upon the real estate of which no notice was given to the company. In

an action upon the policy, *held,* that though the giving of the mortgages annulled the policy as to the real estate, it did not avoid it as to the personal property.

*Trench* v. *Chenango Mut. Ins. Co.* (7 Hill, 122) followed.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury.

The action was on a policy of fire insurance, which insured separately, and in separate sums, the dwelling-house and barns of the plaintiff, and certain personal property in each of said buildings, for three years from the 12th of April, 1873.

The answer set up, among other defenses, that, after the policy was issued, and during its continuance, mortgages on the real estate were given by the plaintiff without the consent of the defendant. The policy provided that if " the property becomes incumbered by mortgage, judgment or otherwise, * * * then, and in every such case, * * * this policy shall be null and void until the written consent of the company at the home office is obtained." It appeared, at the trial, that after the policy was issued the plaintiff executed two mortgages upon the real estate, one for $4,000, and the other, as security to the mortgagee, for his indorsement of the plaintiff's paper, and there was no evidence that notice of either of said incumbrances was given to the company, or that its consent was obtained, in writing or otherwise. On this ground, among others, the defendant's counsel moved for a nonsuit. The judge held that the facts stated constituted a defense as to the buildings, but that they did not avoid the policy as to the personal property, to which ruling the defendant excepted. The jury found in favor of the plaintiff, for the value of the personal property.

*Winslow & Smith,* for the appellant. The refusal of the court to nonsuit the plaintiff upon the ground, as requested, that the creating of the mortgages to Rowland and Head vitiated the policy, and the holding by the court that the plaintiff was entitled to recover for the personal property, was error. (*Le Roy* v. *The Market F. Ins. Co.,* 39 N. Y., 90 ; *Ripley* v. *Ætna Ins. Co.,* 30 id., 136 ; *Price* v. *The Empire Ins. Co.,* 62 Barb., 636 ; *Shoemaker* v. *Glen's Falls Ins. Co.,* 60 id., 84 ; *Sansfield* v. *The Metropolitan Ins. Co.,* 42 How., 97 ; Phillips on Ins., 762 ; *Wilson* v. *Herkimer Co.*

*Mutual Ins. Co.*, 6 N. Y. [2 Seld.], 23 ; *Brown* v. *People's Mutual Ins. Co.*, 11 Cush., 280 ; *Smith* v. *Empire Ins. Co.*, 25 Barb., 497 ; *Fire Association* v. *Williamson*, 26 Penn. St., 196 ; *Gottsman* v. *Ins. Co.*, 56 id., 210 ; *Lovejoy* v. *Augusta Mutual Fire Ins. Co.*, 45 Me., 472 ; *Gould* v. *York Co. Mutual Fire Ins. Co.*, 47 id., 403 ; *Day* v. *Charter Oak Fire Ins. Co.*, 51 id., 91 ; *Barnes* v. *Union Mutual Fire Ins. Co.*, id., 110 ; *Associate Fireman's Ins. Co.* v. *Assum*, 5 Md., 165 ; *Bowman* v. *Franklin Ins. Co.*, 40 id., 620 ; *Harman* v. *Hartford Fire Ins. Co.*, 36 Wis., 150 ; *Whitwell, as Receiver, etc.*, v. *The Putnam Fire Ins. Co.*, 6 Lans., 166.)

*Nicholas E. Kernan*, for the respondent.

SMITH, J. :

The only question in this case that need be considered is, whether the breach of the condition respecting subsequent incumbrances avoided the policy as to the personal property as well as the realty. The case of *Trench* v. *Chenango Mutual Insurance Company* (7 Hill, 122), if followed, sustains the ruling at the Circuit. The correctness of the decision in that case was questioned by FOOT, J., delivering the opinion of the Court of Appeals, in *Wilson* v. *The Herkimer County Insurance Company* (2 Seld., 53), and in *Smith* v. *Empire Insurance Company* (25 Barb., 497), BALCOM, J., speaking for the court, at General Term in the sixth judicial district, said that the case of Trench had been shaken too much by the Court of Appeals, in *Wilson's Case*, to be followed. It is by no means clear, however, that the Court of Appeals intended to overrule the case of Trench. The case of Wilson was decided in 1851. Six years later, the case of *Heacock* v. *The Saratoga County Mutual Insurance Company*, not reported, came before the Court of Appeals. It was an action on a policy of insurance against fire, by which the plaintiff's woolen factory, in the city of Buffalo, and the machinery therein, were insured for separate amounts. The building and machinery were entirely burned. On the trial of an action to recover the loss, before Justice SILL and a jury, the defendant proved that the title to the premises was not in the plaintiff at the time of the issuing of the policy, or at any time thereafter; also, that the plaintiff had enlarged the building and erected a new build-

ing near it. The court charged the jury that, under the proof, the plaintiff could not recover for the loss of the building, but that the fact that it appeared that the plaintiff had not the legal title to the real estate did not necessarily deprive him of the right to recover for the loss of the machinery in the building, unless the plaintiff had increased the risk by the addition to the building and the erection of the new building. The defendant excepted. The defendant asked the court to charge that if the policy was void as to the building, no recovery for any cause could be had upon it. Refused, and defendant excepted. The jury found a verdict for the plaintiff for the value of the personal property; and the judgment entered thereon was affirmed at General Term and in the Court of Appeals. (Ct. App. Cases, March Term, 1856.) That case seems to be in accordance with the decision in *Trench's Case*, and, on the whole, although there are respectable authorities on both sides of the question, in this and other States, we think the rule thus laid down must be followed by us till it is expressly reversed or overruled by the Court of Appeals. Judgment affirmed.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed.